WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Dixie Baker,                                    )    No. CV-06-2887-PHX-LOA
                                                )
            Plaintiff,                          )    **ORDER**
                                                )
vs.                                             )
                                                )
                                                )
D.A.R.A. II, Inc., an Arizona corporation;)
Kenneth Presutti, a single man; Cyndee)
Presutti, a single woman; Jesse and Dara)
Wintersteen,  husband  and  wife;  and)
Jeffery Presutti, a single man,                 )
                                                )
            Defendants.                         )
                                                )
_____)

        This matter arises on Defendants' Motion to Deem its Statement of Fact Admitted or

Motion for Summary Disposition of its Statement of Facts.  (docket # 39) Plaintiff opposes

this motion.  (docket # 41) For the reasons set forth below, the Court will deny Defendants'

motion.

**I. Background**

        Plaintiff brings this action alleging that Defendants failed to pay her overtime wages

in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 and the Arizona Wage

Act, A.R.S. § 23-351, 23-352, 23-353, 23-355.  (docket # 1) On August 27, 2007, Plaintiff

filed a Motion for Partial Summary Judgment and a Separate Statement of Facts.  (dockets #

25, 26) On October 1, 2007, Defendants filed a Response to Plaintiff's Motion for Partial

Summary Judgment. (docket # 29) Defendants also filed a single pleading entitled Response

to Plaintiff's Statement of Facts in Support of her Motion for Partial Summary Judgment and

1 Controverting Statement of Facts in Support of its Own Motion for Summary Judgment.

2 (docket # 35) Plaintiff filed a Reply in Support of Motion for Partial Summary Judgment and

3 Response to Defendants' Cross Motion for Summary Judgment. (docket # 36) Defendants

4 filed a Reply.  (docket # 38)

5 At issue in Defendants' pending motion is Plaintiff's failure to file a separate

6 statement of facts in response to Defendants' Controverting Statement of Facts in Support of

7 Defendants' Motion for Summary Judgment.  Defendants argue that pursuant to Local Rule

8 of Civil Procedure 56.1(b), the Court should rule their "Controverting Statement of Facts in

9 Support of [Defendants'] Cross Motion for Summary Judgment" admitted because Plaintiff

10 "did not respond to it whatsoever." (docket # 39 at 1) Defendants alternatively move for

11 "summary disposition" of their statement of facts pursuant to Local Rule of Civil Procedure

12 7.2.  (docket # 39) Plaintiff opposed Defendants' motion.

13 **II.  Local Rule 56.1(b)**

14 Local Rule of Civil Procedure 56.1(b) provides that:

15 Any party opposing a motion for summary judgment shall file a statement,
separate from that party's memorandum of law, setting forth: (1) for each
16 paragraph of the moving party's separate statement of facts, a correspondingly
numbered paragraph indicating whether the party disputes the statement of
17 fact set forth in that paragraph and a reference to the specific admissible portion
of the record supporting the party's position if the fact is disputed; and (2) any
18 additional facts that establish a genuine issue of material fact or otherwise
preclude judgment in favor of the moving party . . . .
19
20 LRCiv 56.1(b).  Local Rule 56.1(b) further provides that "[e]ach numbered paragraph of the

21 statement of facts set forth in the moving party's separate statement of facts shall, unless

22 otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if

23 not specifically controverted by a correspondingly numbered paragraph in the opposing

24 party's separate statement of facts."  LRCiv 56.1(b).

25 As set forth above, Plaintiff filed a motion for summary judgment.  Defendants

26 responded to Plaintiff's motion for summary judgment and filed a cross-motion for summary

27 judgment.  (docket # 29)  Defendants also filed a single pleading which included both a

28 response to Plaintiff's statement of facts and a controverting statement of facts in support of

their cross-motion for summary judgment.  (docket # 35) Defendants correctly assert that Plaintiff violated LRCiv 56.1(b) by failing to file a separate statement of facts in response to Defendants' controverting statement of facts in support of their cross-motion for summary judgment.  (docket # 36)  Rather, Plaintiff only filed a pleading entitled "Plaintiff's Reply in Support of Motion for Partial Summary Judgment and Plaintiff's Response to Defendants' Cross Motion for Summary Judgment."  (docket # 36)  In that pleading, Plaintiff asserts a blanket objection "to all of Defendants' Controverting Statement of Facts in Support of the Cross Motion."  (docket # 36 at 11) Plaintiff also argues that the "supposed facts are not properly numbered making individual objections impossible.  Second, as explained here and in Baker's Motion, all of the supposed facts Defendants offer are either inaccurate or immaterial to the Cross Motion."  (*Id.*)  Plaintiff further objects to the controverting statement of facts because the alleged facts "are conclusory statements that do not warrant a response."  (*Id.*)

Review of the pleadings related to Defendants' Cross Motion for Summary Judgment reveals that neither party has strictly complied with the requirements of Local Rule 56.1.  First, Defendants' controverting statement of facts in support of its cross-motion for summary judgment is not a separate pleading.  Rather, it is appended to Defendants' Response to Plaintiff's Statement of Facts in Support of her Motion for Partial Summary Judgment.  (docket # 35)  Additionally, as Plaintiff notes, Defendants' Controverting Statement of Facts in Support of its Own Motion for Summary Judgment does not set forth "each material fact . . . in a *separately* numbered paragraph. . . ."  LRCiv 56.1(a)(emphasis added).  Rather, Defendants' Controverting Statement of Facts frequently includes statements of fact that contain several assertions that are not separately numbered.  For example, controverting statement of fact number 1 reads:

> 1.  Ms. Baker was paid at $6 per hour, and she was paid overtime wages at $9 per hour for every hour that overtime was due.
>
> * * *
> Kenneth Presutti hired Ms. Baker and negotiated her pay with her.
>
> * * *

> In deposition, Ms. Baker testified at least eight (8) times that she did not know her hourly rate of pay.
>
> * * *
>
> Ms. Baker signed a "Pay Scale and Job Description Acknowledgment" as recent as September 2004 confirming that DARA II explained her rate of pay.

(docket # 35 at 6-7) Defendants' Controverting Statement of Facts numbers 9, 12, 14, 15, 16, and 19 are similarly formatted.  (docket # 35) Defendants' formatting violates LRCiv 56.1(a)'s requirement that each material fact be set forth in a separate numbered paragraph and made it difficult for Plaintiff to respond specifically to each numbered paragraph.  Plaintiff explains that in view of the confusing nature of Defendants' Controverting Statement of Facts, she opted to object to the Controverting Statement of Facts in its entirety in her Response to the Cross Motion for Summary Judgment.  (docket # 36)

Although Defendants initially failed to comply with LRCiv 56.1, that failure does not excuse Plaintiff's subsequent violation of LRCiv 56.1(b).  However, the Court finds it inappropriate to grant Defendants' Motion because doing so would essentially reward Defendants' violation of the Local Rules.

Additionally, although Local Rule 56.1(b) described a corrective action the Court may take when a party fails to comply with that rule, such action is discretionary.  Local Rule 56.1(b) states that "[e]ach numbered paragraph of the separate statement of facts set forth in the moving party's separate statement of facts shall, *unless otherwise ordered*, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts."  LRCiv 56.1(b)(emphasis added).  The phrase "unless otherwise ordered" indicates that the Court has the discretion, but is not required, to deem the uncontroverted facts admitted.  In accordance with its discretionary authority, the Court will deny Defendants' Motion to Deem its Statement of Facts Admitted.  (docket # 39) The Court finds it significant that the Controverting Statement of Facts which Defendants request the Court to deem admitted based on Plaintiff's failure to comply with LRCiv 56.1 itself violates the same Local Rule.  Additionally, Local Rule 56.1 is designed to assist the Court's

analysis of a motion for summary judgment by highlighting disputed facts. The disputed facts in this case are discernible even without a precise response to Defendants' Controverting Statement of Facts. In view of Plaintiff's Motion for Partial Summary Judgment, Plaintiff's Separate Statement of Facts in Support of that Motion, Plaintiff's Reply in Support of Motion for Partial Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment, the Court can discern the disputed facts and finds that neither party should be rewarded for the other party's failure to strictly comply with the Local Rules.

**III.  Local Rule 7.2(i)**

Defendants alternatively request that the Court summarily dispose of its Statement of Facts pursuant to Local Rule 7.2(i). (docket # 39) Local Rule 7.2(i) provides that if a "motion does not conform in substantial respects with the requirements of this Local Rule, or if . . . counsel does not serve and file the required *answering memoranda,* . . . such non-compliance may be deemed a consent to the denial or granting of the motion, and the Court may dispose of the motion summarily." *Id.* Here, Plaintiff filed a response to Defendants' cross-motion for summary judgment. At issue in Defendants' pending motion is Plaintiff's failure to file a statement of facts separate from that response. Local Rule 7.2 does not discuss the form of a statement of facts in opposition to a motion for summary judgement. Rather, it contemplates a situation in which a party completely fails to respond to a motion or files a motion which does not comply with the terms of LRCiv 7.2. Local Rule 7.2(i) does not apply to situation before the Court. Moreover, even if it did apply, Local Rule 7.2(i) is discretionary — the Court "may" deem noncompliance "a consent to the denial or granting of the motion. . . ." *Id.* Even assuming Local Rule 7.2(i) applies, the Court declines to "summarily dispose" of Defendants' Controverting Statement of Facts for the same reasons set forth above.

In summary, the Court finds that neither Defendants nor Plaintiff strictly complied with Local Rule 56.1 with respect to Defendants' Cross Motion for Summary Judgment. Specifically, Defendants' Controverting Statement of Facts in Support of its Cross-Motion

1   for Summary Judgment was not filed as a separate pleading.  Additionally, Defendants'

2   Controverting Statement of Facts does not set forth each statement of fact in a separately

3   numbered paragraph.  Rather, several of the statements of fact include multiple "facts"

4   which are not separately numbered.  (docket # 35)  Plaintiff also violated LRCiv 56.1

5   because she failed to file a separate statement of facts identifying the disputed facts in

6   Defendants' Controverted Statement of Facts.  LRCiv 56.1(b).  Rather, Plaintiff filed only a

7   Response to Defendants' Cross-Motion for Summary Judgment which includes a global

8   objection to every statement of fact included in Defendants' Controverting Statement of

9   Facts.  (docket # 36)  The poor lawyering in this case makes it more difficult for the Court to

10  resolve the pending motions and the Court is tempted to strike Defendants' Statement of

11  Facts in Support of its Cross-Motion for Summary Judgment and Plaintiff's Response

12  thereto.  However, rather than striking the offending pleadings which will only delay the

13  resolution of this matter, the Court will resolve Defendants' cross motion for summary

14  judgment on the pleadings currently before the Court.

15          In accordance with the foregoing,

16          IT IS HEREBY ORDERED that Defendants' Motion to Deem its Statements of Fact

17  as Admitted or Motion for Summary Disposition of its Statement of Facts (docket # 39) is

18  **DENIED**.

19          DATED this 4th day of January, 2008.

20

21

22                                          Lawrence O. Anderson
                                            United States Magistrate Judge

23

24

25

26

27

28