1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Dixie Baker,                          )    No. CV-06-2887-PHX-LOA
                                          )
10               Plaintiff,               )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    D.A.R.A. II, Inc., an Arizona Corporation,)
13  Kenneth Presutti, a single man; Cyndee)
    Presutti, a single woman; Jesse and Dara)
14  Wintersteen, husband and wife; and)
    Jeffery Presutti, a single man,       )
15                                        )
                 Defendants               )
16  _____)

17           This matter arises on Plaintiff's Motion for Reconsideration of this Court's

18  order denying Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross

19  Motion for Summary Judgment. (docket # 45)  Plaintiff now seeks reconsideration of the

20  Court's January 22, 2008 order denying Plaintiff's Motion for Partial Summary Judgment

21  on the grounds that Plaintiff has subsequently taken the deposition of Defendant Kenneth

22  Presutti which  revealed  several material inconsistencies with his sworn affidavit and

23  contentions raised by Defendants to Plaintiff's claims. No response to the pending motion

24  has been filed as one has not been requested by the Court per LRCiv 7.2(g)(2).

25           A motion to reconsider must provide a valid ground for reconsideration by

26  showing two elements. LRCiv 7.2(g)(1); *Sch. Dist. No. 1J, Multnomah County v. ACandS,*

27  *Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) (citing *All Hawaii Tours Corp. v. Polynesian Cultural*

28  *Ctr.*, 116 F.R.D. 645, 648-49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988)).

1    First, it must demonstrate some valid reason why the Court should reconsider its prior

2    decision. *All Hawaii Tours Corp.*, 116 F.R.D. at 648.  Second, it must set forth facts or law

3    of a strongly convincing nature to induce the Court to reverse its prior decision. *Id*. Courts

4    have generally distilled three major grounds justifying reconsideration: 1) an intervening

5    change in the controlling law, 2) the availability of new evidence, and 3) the need to correct

6    clear error or prevent manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634

7    F.Supp. 656, 665 (E.D. Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d

8    514 (9th Cir. 1987); *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995), *cert. denied*, 516

9    U.S. 1029 (1995); *Kennedy v. Lubar*, 273 F.3d 1293, 1299, fn. 6 (10th Cir. 2001); See

10   generally C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, §4478 at 790.

11   To support a motion for reconsideration based upon newly-discovered evidence, the movant

12   is obliged to show not only that this evidence was newly discovered or unknown to movant

13   until after the hearing or dispositive motion was decided, but also that movant could not with

14   reasonable diligence have discovered and produced such evidence at the hearing or for a

15   judge's consideration of a motion. *Engelhard Industries, Inc. v. Research Instrumental Corp.*,

16   324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923 (1964).  If the proffered

17   evidence was available before resolution of a motion for summary judgment, then as a matter

18   of law movant is not entitled to reconsideration based upon that evidence. *Frederick S. Wyle*

19   *P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); *Trentacosta v. Frontier Pac. Aircraft*

20   *Industries*, 813 F.2d 1553, 1557-58 n.4 (9th Cir. 1987).

21           This Court decided the two dispositive motions on January 22, 2008, nearly

22   two months before Plaintiff's counsel filed the subject Motion. The attachment to Plaintiff's

23   Motion indicates that Mr. Presutti's deposition was taken on February 26, 2008 in Phoenix,

24   Arizona. (docket # 51; Exh. A at 1)  Plaintiff's counsel offers no reason why he did not take

25   Mr. Presutti's deposition before filing his Motion for Partial Summary Judgment on August

26   28, 2007 or why he did not seek to take it pursuant to Rule 56(f), FED.R.CIV.P., after reading

27   Mr. Presutti's affidavit, docket # 35; Exh. C, in early October last year.  Plaintiff's counsel

28   has also not demonstrated why he could not have discovered with reasonable diligence Mr.

1   Presutti, a named party, taken his deposition and produced any favorable testimony before

2   the Court issued its 18-page order denying the dispositive motions. *Engelhard Industries,*

3   *Inc.*, 324 F.2d at 352.  Even if Plaintiff's counsel had done so in a timely fashion, the result

4   may have been the same, i.e., credibility issues are usually for the trier of fact, after the

5   parties and the Court negotiated the complexities of the "Sham-Affidavit" Rule. *Adler v.*

6   *Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir. 1997) (prior to disregarding

7   contradictory affidavits, a trial court "'must make a factual determination that the

8   contradiction was actually a sham'" (citation omitted); *Sch. Dist. No. 1J, Multnomah County*,

9   5 F.3d at 1264 (contradictory affidavit not automatically disregarded); *Darnell v. Target*

10  *Stores*, 16 F.3d 174 (7th Cir. 1994). Parties do not get two bites at the proverbial apple or a

11  dispositive motion without making the requisite showing. Absent good cause shown, Plaintiff

12  had ten (10) days from January 22, 2008 to seek reconsideration. LRCiv 7.2(g)(2) Thus, the

13  Motion will be denied as untimely and good cause has not been shown.

14          Plaintiff's claims that Mr. Presutti's affidavit was allegedly filed in bad faith

15  contrary to Rule 56(g), FED.R.CIV.P., or, more seriously,  warrants a  referral to the State Bar

16  of Arizona and/or to the U.S. Attorney's Office for criminal prosecution for perjury or

17  making a false statement are premature and will abide by the trial of this case.

18          Accordingly,

19          **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, docket # 51, is

20  **DENIED** as untimely and without a showing of good cause.

21          Dated this 24th day of March, 2008.

22

23

24                                          Lawrence O. Anderson
                                            United States Magistrate Judge

25

26

27

28