**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dixie Baker, | No. CV-06-2887-PHX-LOA |
| Plaintiff, | **SCHEDULING ORDER** |
| vs. | |
| D.A.R.A. II, Inc., an Arizona corporation; Kenneth Presutti and Cyndee Presutti, husband and wife; Jesse Wintersteen and Dara Wintersteen, husband and wife; and Jeffrey J. Presutti. | |
| Defendants. | |

      This is the time set for informal Rule 16 scheduling conference. Plaintiff is represented by counsel, Michael C. McKay. Defendants are represented by counsel, Veronica L. Manolio. Court reporter is not present.

      Counsel and the Court informally discuss trial procedures regarding introducing exhibits and the absence of unreasonable restrictions to the courtroom podium. Counsel and the Court view the new electronic courtroom equipment during installation. Counsel are invited to informally learn how to use the electronic courtroom equipment prior to trial upon informal request.

      Pursuant to the Court's discussion on, and parties' agreements to, the deadlines set forth herein and good cause appearing, the Court will hereinafter set the dates for

submission of the Proposed Joint Final Pretrial Order, the final pretrial conference, and jury trial.

**IT IS ORDERED** that the attorneys who will be responsible for the trial of the lawsuit shall prepare and sign a Proposed Joint Final Pretrial Order and lodge it with the Clerk no later than **5:00 p.m. on Wednesday, July 30, 2008**. Counsel shall exchange drafts of the proposed Joint Pretrial Order **no later than fourteen (14) days before the submission deadline**.

**IT IS FURTHER ORDERED** that the content of the Proposed Joint Final Pretrial Order shall include, but is not limited to, that prescribed in the form of the proposed Joint Final Pretrial Order attached hereto. Statements made shall not be in the form of a question, but shall be a concise narrative statement of each party's contention as to each uncontested and contested issue.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 16(e) and 37(c), the Court will not allow the parties to modify the Joint Final Pretrial Order or introduce at trial any exhibits, witnesses, or other information or to make any objections to exhibits that were not previously specified and/or disclosed as directed by the Court in the Joint Final Pretrial Order, except to prevent manifest injustice. *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998); *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

**IT IS FURTHER ORDERED** that the parties shall file and serve all motions *in limine*[1] no later than **Friday, July 18, 2008**. Each motion *in limine*[2] shall include the legal basis

---

[1] A motion *in limine* has been defined by the U.S. Supreme Court as "in a broad sense. . .any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered. *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *State v. Superior Court*, 108 Ariz. 396, 499 P.2d 152, 153 (1972) ("The primary purpose of a motion *in limine* is to avoid disclosing to the jury prejudicial matters which may compel a mistrial. It should not, except upon a clear showing of non-admissibility, be used to reject evidence").

[2] Motions *in limine* may consist of two principal forms. First, a party may seek to preclude the opponent from either (1) mentioning or referring to unduly prejudicial,

1  supporting it. Responses to motions *in limine* are due by **5:00 p.m. on Wednesday, July 30,**
2  **2008**. Replies are not be permitted. The attorneys for all parties shall come to the Final Pretrial
3  Conference prepared to address and argue the merits of all pending motions. Redundant
4  objections to a motion *in limine* shall not be made during trial.[3]

5  **IT IS FURTHER ORDERED** that the attorneys for each party who will be
6  responsible for trial of this lawsuit shall appear and participate in a Final Pretrial Conference
7  on **Wednesday, August 13, 2008** at **2:00 p.m.** in Courtroom 302 on the third floor of the
8  Sandra Day O'Connor U.S. Courthouse, 401 E. Washington, Phoenix, Arizona, 85003-2120.

9  **IT IS FURTHER ORDERED** that if either side intends to call an expert witness
10 and there is some question about an expert's qualifications and/or the reliability of his/her
11 opinion(s), adverse counsel shall file a *Daubert* motion to preclude or limit the expert's
12 testimony pursuant to the Court's "gate keeping" function no later than **Friday, July 18, 2008**.
13 Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho*
14 *Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Clausen v. M/V New Carissa*, 339 F.3d 1049,
15 1056 (9th Cir.2003) ("Scientific evidence is deemed reliable if the principles and methodology
16 used by an expert are grounded in the methods of science."). Responses and Replies, if any,
17 shall be timely filed as required by law.   LRCiv 7.2(c) and (d).

18 **IT IS FURTHER ORDERED** setting the trial of this matter to a jury,
19 beginning on **Monday, September 8, 2008 through Friday, September 12, 2008** (five trial

---

22 inflammatory, or otherwise inadmissible evidence in an opening statement or (2) eliciting
such evidence from one or more witnesses. This is sometimes referred to as a "prohibitive"
23 motion. An additional, more proactive form is used affirmatively to secure a favorable
pretrial ruling regarding the admissibility of evidence. This is referred to as a "permissive"
24 motion. See, 21 Charles Wright & Kenneth Graham Jr., *Federal Practice and Procedure:*
*Evidence* § 5037 (1977); Rosengart, The Motion In Limine: *The Hidden Arrow in the Federal*
25 *Litigator's Quiver*, The Federal lawyer (June, 2001).

26 [3] The Ninth Circuit has held that a properly-made motion *in limine* will preserve the
appellant's objection on appeal without the need for further objection at trial if it contains
27 specific grounds for the objection. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th
28 Cir. 1986). Also see, Rule 103(a), Fed. Rules of Evid.

- 3 -

1  days - 2 each side - after jury selection and opening statements on the first day[4]) in Courtroom
2  302 on the third floor of the Sandra Day O'Connor U.S. Courthouse, 401 E. Washington,
3  Phoenix, Arizona.  Unless otherwise ordered, the start time for each trial day shall be from
4  10:00 a.m. to 12:00 noon and from 1:30 p.m. to 4:30 p.m. Counsel shall be in or near the
5  courtroom every day by **9:30 a.m.** and **1:00 p.m.** in the event issues develop that need to be
6  resolved outside the presence of the jury.

7  **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
8  the possibility of settlement and should settlement be reached, the parties shall immediately file
9  a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers. LRCiv.
10 40.2(d). Settlement negotiations do not constitute good cause to continue the deadlines and
11 dates set herein as these **are real** and will be enforced by the Court. *Hostnut.Com, Inc.v. Go*
12 *Daddy Software, Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006); *Schwartz v. Home Depot U.S.A.,*
13 *Inc.*, CV-06-2168-PHX-FJM ("[C]haracterization of the trial date as a 'first setting,' . . . ignores
14 the fact that under the Rule 16 scheduling order, the trial date is firm and the parties were
15 advised of that. In this court, the first setting is the last setting absent extraordinary
16 circumstances (like death), which obviously are not present here." (docket # 83 at 2 in CV-06-
17 2168-PHX-FJM).

18 **IT IS FURTHER ORDERED** that this Court views compliance with the
19 provisions of this Order as critical to its case management responsibilities and the
20 responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

21 DATED this 24th day of April, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

28  [4] Only jury selection and opening statements will occur on the first day.

- 4 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| (Names of Plaintiff(s) , | ) | No. CV- - -PHX-LOA |
| | ) | |
| Plaintiff(s), | ) | **PROPOSED JOINT FINAL PRETRIAL ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| (Names of Defendant(s) , | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |

## **BACKGROUND**

Pursuant to the Scheduling Order/Order Setting Final Pretrial Conference entered on _____, 2000, the following is the Proposed Joint Final Pretrial Order to be considered at the Final Pretrial Conference set for _____, 2000.

A.  COUNSEL FOR THE PARTIES

(Include mailing address, office phone and fax numbers).

Plaintiff(s):

Defendant(s):

- 5 -

B. STATEMENT OF JURISDICTION. Cite the statute(s) which give this Court jurisdiction.

>(e.g., Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

Jurisdiction (is/is not) disputed.

>(If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bass for the objection.)

C. NATURE OF ACTION. Provide a concise statement of the type of case, the cause of the action, and the relief sought.

>(e.g., - This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

D. CONTENTIONS OF THE PARTIES. With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Citation to relevant legal authority is required.

>(e.g., In order to prevail on this products liability case, the plaintiff must prove the following elements . . . . .
>
>e.g., In order to defeat this products liability claim based on the status of repose, the defendant must prove the following elements. . . .)

E. STIPULATIONS AND UNCONTESTED FACTS

1. The following facts are admitted by the parties and require no proof:

2. The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

F. CONTESTED ISSUES OF FACT AND LAW

    1. The following are the issues of fact to be tried and decided:

        (Each issue of fact must be stated separately and in specific terms.  Each parties' contention as to each issue must be set forth with respect to each and every issue of fact).  E.g.,

            Issue #1: Whether Plaintiff used due care.

                Plaintiff Contends: Plaintiff looked both ways before stepping into the street. . .

                Defendant Contends: Plaintiff was chasing a ball and darted out into the street without looking. . . .

    2. The following are the issues of law to be tried and determined:

        (Each issue of law must be stated separately and in specific terms.  Each parties' contention as to each issue must be set forth with respect to each and every issue of law).  E.g.,

            Issue #1: Whether Plaintiff's suit is barred by the doctrine of laches.

                Plaintiff Contends: . . . . .

                Defendant Contends: . . . . .

    G. LIST OF WITNESSES.  A jointly prepared list of witnesses and their respective addresses, identifying each as either plaintiff's or defendant's, and indicating whether a fact or expert witness, must accompany this proposed order.  If a witness' address is unknown, it should be so stated.  A brief statement as to the testimony of each witness must also be included.  Additionally, the parties shall designate which witnesses (1) shall be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial.

    Additionally, the parties shall include the following text in this portion of the Proposed Pretrial Order.

. . .

1
2
3
4
5
6
7

> The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the plaintiff(s) or the defendant(s). Simply because a party lists a a witness does not mean that the witness will be called. Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called. To the extent possible, the parties shall stipulate to the witnesses that will be called to testify.

H. LIST OF EXHIBITS.

 A. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

  1. Plaintiff's Exhibits:

  2. Defendant's Exhibits:

 B. As to the following exhibits, the parties have reached the following stipulations:

  1. Plaintiff's Exhibits:

  2. Defendant's Exhibits:

 C. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated beneath:

  1. Plaintiff's Exhibits: E.g.,

> City Hospital records of Plaintiff from March 6, 1985, through March 22, 1985. Defendant objects for lack of foundation because. . . . (The objection must specify why there is a lack of foundation).

  2. Defendant's Exhibits: E.g.,

> Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on the ground of relevance and materiality because (the objection must specify why there is relevancy or materiality problem).

- 8 -

1     I. DEPOSITIONS TO BE OFFERED.  The parties shall list the depositions to be
2  used at trial if any witness will be unavailable for trial.  It is necessary to identify the portions
3  of depositions that will be read at trial by page and line number.  Counsel should note
4  objections to deposition testimony by setting forth all objections thereto to the specific
5  question(s) and/or answer(s).  Moreover, these objections shall be explained in this portion
6  of the Proposed Pretrial Order.  As is the Court's practice at trial, it is <u>not sufficient</u> for an
7  objecting party to simply state perfunctory grounds for an objection (e.g., "hearsay" or "lack
8  of foundation") contained in the Proposed Pretrial Order.  Each party must explain the basis
9  for each perfunctory objection (e.g., <u>why</u> it lacks foundation, <u>why</u> it is irrelevant).
10     J. MOTIONS IN LIMINE.  Motions in limine shall be served, filed and responded
11  to in accordance with the instructions contained in the Rule 16 Scheduling Order.

13     K. LIST OF ANY PENDING MOTIONS

15     L. PROBABLE LENGTH OF TRIAL

17     M. JURY DEMAND - a jury trial (has) (has not) been requested.  If a jury trial was
18         Requested, (indicate the appropriate selection):
19         1.  the parties stipulate the request was timely and properly made;
20         2.  the (Plaintiff or Defendant) contends the request was untimely
21             made because: (explain why request was untimely); or
22         3. the (Plaintiff or Defendant) contends that although the request
23            for trial by a jury was timely, the request is improper as a
24            matter of law because: (indicate the legal basis why a jury
25            trial would be improper).
26                             <u>For a Bench Trial</u>

N-1. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW shall be filed and served by each party in accordance with the instructions contained in the Rule 16 Scheduling Order.

<u>For a Jury Trial</u>

N-2. (Jury Trial) STIPULATED JURY INSTRUCTIONS, PROPOSED VOIR DIRE QUESTIONS AND PROPOSED FORMS OF VERDICT shall be filed in accordance with the instructions contained in the Rule 16 Scheduling Order.

O. CERTIFICATIONS. The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

    1. All discovery has been completed.

    2. The identity of each witness has been disclosed to opposing counsel.

    3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

    4. The parties have complied in all respects with the mandates of the Court's Rule 16 Order.

/ / /

/ / /

    5. [Unless otherwise previously ordered to the contrary], the parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

APPROVED AS TO FORM AND CONTENT:

Attorney for Plaintiff(s)        Attorney for Defendant(s)

P. **ORDER**

**IT IS ORDERED** that this Proposed Joint Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and is thereby **ADOPTED** as the official Final Pretrial Order of this Court.

DATED this _____ day of _____ 2008.

Lawrence O. Anderson
United States Magistrate Judge