**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dixie Baker, | No. CV-06-2887-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| D.A.R.A. II, Inc., an Arizona corporation; Kenneth Presutti and Cyndee Presutti, husband and wife; Jesse Wintersteen and Dara Wintersteen, husband and wife; and Jeffrey J. Presutti. | |
| Defendants. | |

      This case arises upon Defendants' Notice of Bankruptcy, filed on August 1, 2008, advising the Court and all parties that Defendant Jeffrey J. Presutti filed a voluntary bankruptcy petition on July 31, 2008. (docket # 76) The Notice of Bankruptcy Case Filing is attached to Defendants' Notice as Exhibit A.

      By virtue of the automatic stay imposed under 11 U.S.C. § 362(a)(1) with the filing of a bankruptcy petition, all pending matters against Defendant Jeffrey J. Presutti will be stayed until further order of the Court. 11 U.S.C. § 362(a)(1); *O'Donnell v. Vencor Inc.*, 466 F.3d. 1104 (9th Cir. 2006).

      In *O'Donnell*, "[t]he magistrate judge placed O'Donnell's case on inactive status and gave her 180 days to move to lift the stay, seek to reduce the claims against

1  Defendant to judgment in the bankruptcy court, or otherwise demonstrate a reasonable basis
2  to continue the case on inactive status. The magistrate judge warned O'Donnell that failure
3  to comply would result in dismissal of her complaint for failure to prosecute under Federal
4  Rule of Civil Procedure 41(b). Eleven days after the expiration of the 180-day period,
5  O'Donnell filed an untimely motion seeking a continuance of her case on inactive status and
6  requesting an informal status conference. After O'Donnell failed to appear at the status
7  conference she had requested, the magistrate judge dismissed O'Donnell's complaint without
8  prejudice under Rule 41(b). She did not appeal that dismissal." *Id*. at 1108. "Although [t]he
9  general rule is that actions taken in violation of an automatic stay are void, the dismissal for
10 failure to prosecute was not void because it did not constitute a continuation of a judicial
11 proceeding against the debtor under 11 U.S.C. § 362(a)(1)." *Id*. (internal quotation marks
12 and citations omitted). Thus, dismissal of O'Donnell's complaint for violation of Rule 41(b)
13 was affirmed.
14           On the Court's own motion,
15           **IT IS ORDERED** hereby **staying** this lawsuit against Defendant Jeffrey J.
16 Presutti **ONLY** and placing it on inactive status until **February 5, 2009** (180 days).
17           This lawsuit against Defendant Jeffrey J. Presutti **ONLY** will be dismissed
18 on **February 5, 2009** (180 days) pursuant to Rule 41(b) (lack of prosecution) unless prior
19 to the scheduled dismissal date Plaintiff demonstrates in writing that Plaintiff has moved
20 to lift the stay in the bankruptcy court but the request has not been ruled upon or has been
21 denied; or Plaintiff has sought to reduce the claim(s) against the subject debtor to
22 judgment in the bankruptcy court in an adversary proceeding and the adversary
23 proceeding has not yet been adjudicated despite Plaintiff's due diligence in seeking its
24 resolution; or Plaintiff has timely demonstrated a reasonable basis for continuance of the
25 lawsuit against Defendant Jeffrey J. Presutti on inactive status.
26           Any party may ask the Court to schedule an informal status conference
27 before the 180-day period expires to inform the Court what action, if any, has been
28

1  undertaken in the bankruptcy court that would permit this lawsuit against Defendant
2  Jeffrey J. Presutti to proceed.
3        **IT IS FURTHER ORDERED** that the lawsuit/case against all other
4  Defendants shall proceed as scheduled, *Duval v. Gleason*, 1990 WL 261364 (N.D.Cal.
5  1990), unless a motion to stay the entire case is timely filed and granted. *Matter of*
6  *Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989) (citing generally *A.H. Robins Co., Inc. v.*
7  *Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986) (automatic
8  stay imposed under § 362(a)(1) is generally available only to the bankrupt and not to
9  non-debtor third parties or codefendants.).
10       DATED this 4th day of August, 2008.

          /s/ Lawrence O. Anderson
          Lawrence O. Anderson
          United States Magistrate Judge