**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Dixie Baker,                                    )    No. CV-06-2887-PHX-LOA
                                                )
                Plaintiff,                      )    **ORDER**
                                                )
vs.                                             )
                                                )
D.A.R.A. II, Inc., an Arizona corporation;)
et al.,                                         )
                                                )
                Defendants.                     )
                                                )
_____)

        This is the time set for final pretrial conference. Plaintiff is represented by counsel, Michael C. McKay. Defendants are represented counsel, Veronica L. Manolio.  Court reporter is not present.

        The joint pretrial order signed by counsel supersedes all pleadings and governs the issues and evidence to be presented at trial. *Hotel Emp., et al. Health Tr. v. Elks Lodge 1450*, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action." ); *Bodley v. Macayo Restaurants, L.L.C.*, 2008 WL 2039277 * 1 (D. Ariz. 2008) (The Joint Final Pretrial Order "is a critical document at the final pretrial conference and during trial.").  A district court may modify a pretrial order "issued after a final pretrial conference only to prevent manifest injustice."  Fed.R.Civ.P. 16(e);  *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998) (listing factors to consider when determining the propriety of modifying a pretrial order), abrogated on a ground unrelated to the issue herein, *Moreland*

1   *v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 372-373 (9th Cir.1998). "Manifest

2   injustice," however, does not result for the purposes of Rule 16 merely because a party fails

3   to include a known claim or witness in a pretrial order. See e.g., *Southern Cal. Retail Clerks*

4   *Union & Food Employers Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th

5   Cir. 1984) (failure to include issue in pretrial order constituted waiver, even though raised

6   earlier in the proceeding); *Canal Ins. Co. v. First Gen. Ins. Co*., 889 F.2d 604, 609 (5th Cir.

7   1989) (finding that a party cannot "claim 'manifest injustice' to modify the [pretrial] order in

8   light of later-discovered but previously discoverable favorable evidence.")

9           The Court and counsel informally discuss their Proposed Joint Final Pretrial

10  Order, previously lodged with the Court on August 5, 2008, which does not meet with the

11  Court's approval. Counsel are directed to resubmit the  Proposed Joint Final Pretrial Order

12  by the below deadline, consistent with the form provided to counsel at today's final pretrial

13  conference, removing all arguments supporting the parties' contentions, removing all

14  arguments supporting their issues of law and fact, setting forth with specificity next to each

15  exhibit the exact nature of the objection, if any. If there is no objection to an exhibit, no

16  objection should be reflected next to the exhibit.  Failure to identify an objection to an exhibit

17  shall be deemed by the Court to be a waiver of that objection at trial. The  Proposed Joint

18  Final Pretrial Order shall comply with the Local Rules.[1]

19          The subject jury trial will be held in Courtroom 302, Sandra Day O'Connor

20  U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona, beginning on **Monday,**

21  **September 8, 2008 through Friday, September 12, 2008** (five trial days - 2 each side -

22  after jury selection and opening statements on the first day[2]). Time permitting, counsel and

23  the Court agree to attempt to settle the disputed instruction on Regular Rate of Pay,[3] an

24  

25          [1] LRCiv 7.1(a)(3) requires the use of  "proper capitalization" in the caption.

26          [2] Only jury selection and opening statements will occur on the first day.

27          [3] See, docket # 66-3, page 29 for Plaintiff's proposed jury instruction; docket # 66-4,

28  page 31 for Defendants' proposed jury instruction. Either  or  both  counsel  may  file  an

1   important issue to both counsel,  prior to opening statements. Unless otherwise ordered, the

2   start time for each trial day shall be from **10:00 a.m. to 12:00** noon and from **1:30 p.m. to**

3   **4:30 p.m.** Counsel shall be in or near the courtroom every day by **9:30 a.m.** and **1:00 p.m.**

4   in the event issues develop that need to be resolved outside the presence of the jury.

5        Counsel agree to a jury of eight (8) jurors.  There will be one alternate. Counsel

6   stipulate that sixteen (16) jurors will be initially called on a "strike and replace" for cause

7   basis with Plaintiff entitled to four alternating peremptory challenges and Defendants

8   collectively entitled to four alternating peremptory challenges. The singular strikes begin

9   with the Plaintiff.  See, Rule 48, FED.R.CIV.P.; Title 28 U.S.C. §1870; *contra* LRCiv 47.1.

10  Any verdict must be unanimous with no less than 6 jurors reaching a verdict.  If all eight (8)

11  jurors are available to serve when the case is given to the jury to begin their deliberations,

12  all eight (8) jurors will be permitted to deliberate. Counsel do not agree to a binding verdict

13  of less than 6 jurors at this time.

14       In the exercise of its wide discretion and there being no objection, the Court

15  will permit jurors to take notes and ask written questions in the procedure outlined by the

16  Court to counsel. *United States v. Vaccaro*, 816  F.2d  443, 451 (9th Cir. 1987)  (note taking),

17  *overruled on other grounds*, *Huddleston v. United States*, 485 U.S. 681 (1988); *United States*

18  *v. Huebner,* 48 F.3d 376, 382 (9th Cir. 1994), *cert. denied*, 516 U.S. 816 (1995) (written

19  questions).[4]  Like the practice in Arizona state courts, counsel stipulate that the jurors will

20  be permitted to discuss the case amongst themselves during the trial and before beginning

21  the jury's formal deliberations provided all jurors are present.[5]   Counsel is permitted to

22

23  Amended proposed jury instruction on Regular Rate of Pay on or before **2:00 p.m. on**

24  **Monday, August 25, 2008**.

25       [4] Also see, American Bar Association, *Principles for Juries and Jury Trials*, Principle

26  13(C)("In civil cases, jurors should, ordinarily, be permitted to submit written questions for
     witnesses. . . . ")

27       [5] Arizona Rule of Civil Procedure 39(f)("[E]xcept that the jurors shall be instructed

28  that they will be permitted to discuss the evidence among themselves in the jury room during

conduct appropriate *voir dire* examination directly with prospective jurors, either individually or collectively, after the Court's initial examination subject to timely objection by adverse counsel for improper *voir dire*. Recross examination of witnesses during trial is not permitted.

Both counsel invoke the Rule of Exclusion of Witnesses.  Counsel, and each of them, shall instruct all of their actual and potential witnesses of the Rule and its application to every witness, party and/or parties' representative prior to the Court's in-court instruction of the Rule.  Counsel shall provide to other counsel by either a written fax or e-mail a list of the witnesses who will or may be called by that counsel and likely exhibits that will or may be introduced the next trial day by **6:00 p.m.** of the previous trial day.  Plaintiff's counsel shall give notice to adverse counsel by **1:00 p.m. on Friday, September 5, 2008**, which witnesses or parties he intends to call for cross examination and likely exhibits introduced the following Tuesday, September 9, 2008.

Counsel are admonished that speaking objections in front of the jury are not permitted, side-bar conferences in the presence of the jury are not favored, and the Standards for Professional Conduct shall apply at all times.[6] During trial, the Court will give counsel a fair opportunity to make a record outside the presence of the jury at the next reasonable

recesses from trial when all jurors are present, as long as they reserve judgment about the outcome of the case until deliberations commence. Notwithstanding the foregoing, the jurors' discussion of the evidence among themselves during recesses may be limited or prohibited by the court for good cause."); American Bar Association, *Principles for Juries and Jury Trials*, Principle 13(F) ("Jurors in civil cases may be instructed that they will be permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence.")

[6] For example: "[Counsel] will treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communication."

Standards for Professional Conduct, Lawyers' Duties to Other Counsel, No. 1. Copies are provided to both counsel at today's final pretrial conference.

time to do so. Counsel shall stand when addressing the Court and when making all objections. The objecting attorney shall show professional courtesy to opposing counsel to let him/her finish the question before making his/her objection without interruption.

Accordingly,

**IT IS ORDERED** that counsel shall make the necessary amendments to the Proposed Joint Final Pretrial Order discussed with counsel today and lodge it in the Court's chamber's email box (anderson_chambers@azd.uscourts.gov) by the deadline of **2:00 p.m. on Monday, August 25, 2008**. Absent good cause shown, failure to timely lodge the Proposed Joint Final Pretrial Order may result in sanctions against the offending lawyer/party. See, *Bodley v. Macayo Restaurants, L.L.C.*, 2008 WL 2039277 (D. Ariz. 2008)

**IT IS FURTHER ORDERED** that all exhibits for the trial shall be pre-marked by counsel or counsel's representative and presented to the Courtroom Deputy Clerk, Ms. Sherise Hargrove, no later than **noon** on **Friday, August 29, 2008** in accordance with the written instructions that have been provided to counsel by her.  Ms. Hargrove may be reached at (602) 322-7238 during business hours for scheduling and discussion purposes. All exhibits shall be exchanged between counsel prior to presenting them to Ms. Hargrove. Duplicate exhibits shall not be presented to her.

**IT IS FURTHER ORDERED** that counsel shall keep the Court apprised of the possibility of settlement and/or resolution by agreement of any pending issues to avoid unnecessary preparation by the Court. See, LRCiv 40.2(d). If settlement be reached, counsel are jointly responsible to ensure a Notice of Settlement is immediately file with the Clerk of the Court with a copy to this Court's chamber's emailbox.

DATED this 13th day of August, 2008.

Lawrence O. Anderson
United States Magistrate Judge