**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dixie Baker, ) | No. CV-06-2887-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| D.A.R.A. II, Inc., an Arizona corporation;) | |
| et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

Good cause appearing, the Court will grant Plaintiff's Request to Treat Her September 17, 2008 Status Report as a Response to Defendants' September 16, 2008 Motion to Enforce Settlement Agreement. (docket # 90)

**GOVERNING LAW**

**A. Whether Federal or State Law Applies**

At the outset, it is necessary for the Court to determine what law - state or federal - applies to the issue of whether the parties have reached a binding, enforceable settlement agreement.

Regardless of which law applies, it is well-settled that it is Defendants' burden, "as the party seeking to enforce the settlement agreement, to prove that an agreement exist[s]." *In re Andreyev*, 313 B.R. 302, 305 (9th Cir. BAP 2004) (citing 15A Am.Jur.2d, *Compromise and Settlement*, § 57 (2000)); *Tabler v. Indus. Comm'n*, 202 Ariz. 518, 521, 47

1  P.3d 1156, 1159 (Az. App. Ct. 2002) ("The party asserting the existence of the oral contract
2  has the burden of proof."). "Settlement agreements are interpreted according to the
3  principles of contract law. *Tucker v. Tucker*, 203 F.3d 832, * 1 ( 9th Cir. 1999) (citing *Jeff*
4  *D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990)); *United Commercial Ins. Serv., Inc. v.*
5  *Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) ("The construction and enforcement of
6  settlement agreements are governed by principles of local law which apply to interpretation
7  of contracts generally."). Federal courts follow state law "even though the underlying cause
8  of action is federal." *United Commercial*, 962 F.2d at 856; *In re Beverly Hills Bancorp*, 649
9  F.2d 1329, 1332-33 (9th Cir. 1981). Both federal and Arizona courts have long favored
10 compromise and settlement. *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978);
11 *Emmons v. Superior Court*, 192 Ariz. 509, 512, 968 P.2d 582, 585 (Az. App. Ct. 1998)
12 (citing *Phillips v. Musgrave*, 23 Ariz. 591, 594-95, 206 P. 164, 165 (1922)).

13 "Generally, the construction and enforcement of settlement agreements,
14 including the determination as to the validity and scope of a release therein, are governed
15 by general contract principles under state law." *Hisel v. Upchurch*, 797 F.Supp. 1509,
16 1517 (D. Ariz. 1992). "However, this is not always the case[.]" *Id*. "Historically, federal
17 courts have applied general principles of contract in determining the validity of a release
18 of rights under federal statutes dealing with the employer-employee relationship."[1] *Id*. at
19 1518 (citing, among others, *DiMartino v. City of Hartford*, 636 F.Supp. 1241, 1249 (D.
20 Conn. 1986) (settlement agreement was enforceable). *Hisel* sets forth numerous cases
21 where federal common law applies. 797 F.Supp. at 1517-18.

22 The Court's research has not uncovered any controlling case law discussing
23 whether federal or State law applies when analyzing a settlement agreement involving
24 FLSA claims. The parties shall file supplemental briefing addressing whether federal or
25 state law applies to the motion to enforce settlement agreement.

---

[1] See, for example, *Snider v. Circle K Corp.*, 923 F.2d 1404, 1407 (10th Cir. 1991) (holding settlement agreements in Title VII cases are governed by federal common law because the agreements and the statute are "inextricably linked").

**B. Settlement in FLSA Cases**

When a plaintiff files a Fair Labor Standards Act ("FLSA") action against a defendant-employer, "the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement." *Hand v. Dionex Corp.*, 2007 WL 3383601, * 1 (D. Ariz. 2007) (citing with approval *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (holding that settlement of an FLSA claim must be approved by either a court or the Department of Labor) and *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586, *3 (E.D. Cal. 2007). "The Court may approve the settlement if it reflects a 'reasonable compromise over issues.' " *Id.* "[T]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Lee v. The Timberland Co.*, 2008 WL 2492295, * 2 (N.D. Cal. 2008). "The FLSA also requires that a settlement agreement include an award of reasonable fees." *Id.* (citing 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action.").

The parties have not addressed how the procedure for settling FLSA claims may impact the pending motion to enforce settlement agreement. This omission shall be addressed by the parties as hereinafter directed.

**IT IS ORDERED** that Plaintiff's Request to Treat Her September 17, 2008 Status Report as a Response to Defendants' September 16, 2008 Motion to Enforce Settlement Agreement is **GRANTED**. Plaintiff's Status Report, docket # 89, is hereby deemed Plaintiff's Response to Defendants' September 16, 2008 Motion to Enforce Settlement Agreement.

**IT IS FURTHER ORDERED** that Defendants shall file a Reply, which shall include the supplemental briefing discussed herein, on or before **Wednesday, October 1, 2008**.

1    **IT IS FURTHER ORDERED** that both counsel shall file supplemental
2 briefing discussing (1) whether State or federal law applies in determining if the parties
3 reached a binding, enforceable agreement, and, 2) whether an enforceable settlement of
4 Plaintiff's FLSA claims could have existed in this case in view of the fact that the parties
5 never sought, nor obtained, the Court's approval of the alleged settlement agreement.
6 Plaintiff's supplemental briefing shall be filed **on or before Wednesday, October 1,**
7 **2008**. Responses or a surreply to the supplemental briefing are not permitted.

8    **IT IS FURTHER ORDERED** setting an evidentiary hearing for **Friday**,
9 **October 3, 2008 at 9:30 a.m.**  Each side is allocated one hour only. Counsel shall be
10 prepared to testify at the hearing. This hearing may be vacated if it is unnecessary for the
11 Court to rule on the pending motion because of the adequacy of the parties' briefings.

12    DATED this 24th day of September, 2008.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge