**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Dixie Baker,          )<br>                       )<br>         Plaintiff,   )<br>                       )<br>vs.                    )<br>                       )<br>D.A.R.A. II, Inc., an Arizona Corporation,)<br>Kenneth Presutti, a single man; Cyndee )<br>Presutti, a single woman; Jesse and Dara )<br>Wintersteen, husband and wife; and )<br>Jeffery Presutti, a single man,    )<br>                       )<br>         Defendants )<br>_____) | No. CV-06-2887-PHX-LOA<br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motion to Approve Settlement. (docket # 99)

Plaintiff commenced this action in 2006 seeking payment of overtime wages allegedly due for the prior three-year period pursuant to the Fair Labor Standards Act ("FLSA"). Defendants have denied Plaintiff's allegations, claiming Plaintiff was compensated for all hours worked. The parties now advise the Court that they have reached a settlement.

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981). In view of the inequalities in bargaining power between employees and employers, Congress made the provisions of FLSA mandatory. *Brooklyn Savings Bank v.*

*O'Neil*, 324 U.S. 697 (1945).  Thus, in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit held that:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer  under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, *the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.*

*Lynn's*, 679 F.2d at 1352-53 (emphasis added).

Generally, the Court does not rule on a private settlement agreement negotiated between the parties.  However, because Plaintiff brings this action pursuant to the FLSA, the parties must seek approval of the settlement agreement to ensure that it is enforceable.  *Id.*   The Court may approve a settlement agreement if it reflects a "reasonable compromise over the issues."  *Lynn's*, 679 F.2d at 1354.

The Court has reviewed the proposed Settlement Agreement and finds that it reflects a fair and reasonable resolution of the issues in this case.  Defendants consistently denied all allegations, claiming Plaintiff was compensated for all hours worked at the proper statutory rate under the FLSA.  Additionally, even if Defendants conceded liability, Plaintiff would have faced difficulty establishing the number of hours she worked in 2003 and 2004.  There was also a *bona fide* dispute regarding Plaintiff's regular rate of pay.  (*see* docket # 45)

After consideration of this matter,

**IT IS ORDERED** that the Joint Motion to Approve Settlement (docket # 99) is **GRANTED.**   The Court finds the Settlement Agreement is a fair and reasonable

1  resolution of a *bona fide* dispute over wages owed pursuant to the Fair Labor Standards
2  Act, and accordingly, the Settlement Agreement is hereby approved.
3      **IT IS FURTHER ORDERED** that on or before **October 31, 2008**, the
4  parties shall filed their Stipulated Judgment in favor of Plaintiff Dixie Baker against
5  Defendant Kenneth Presutti and a Stipulation for Dismissal with prejudice against all
6  other Defendants.
7      Dated this 27th day of October, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge